**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:

TEBA A. GUMBS

                             Debtor.

-----------------------------------------------------------x

HONEY DO MEN GUTTERS, INC.

                             Plaintiff,
               vs.

TEBA A. GUMBS,

                             Defendant.

-----------------------------------------------------------x

Chapter 7

Case No. 17-23947 (RDD)

Closed

Adv. Pro. No. 18-08237 (SHL)

## MEMORANDUM OF DECISION AND ORDER

A P P E A R A N C E S:

*Counsel for Honey Do Men Gutters, Inc.*
  By: Carlos J. Cuevas
1250 Central Park Avenue
Yonkers, New York 10704

    -and-

*Counsel for Teba A. Gumbs*
  By: Ronald R. Tomlins
40 Garden Street, Suite 303
Poughkeepsie, NY 12601

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is the Plaintiff Honey Do Men Gutters, Inc.'s motion to strike the

Debtor-Defendant Teba A. Gumbs' answer in this adversary proceeding, enter a default

judgment against Mr. Gumbs, and impose monetary sanctions against Mr. Gumbs in the form of

reasonable attorney's fees and costs. [ECF No. 56]. The basis for this motion is Mr. Gumbs' repeated failures to comply with his discovery obligations—and Court orders regarding the same—in this nondischargeability proceeding under 11 U.S.C. § 523(a)(2)(A). These include his failure to produce his bank account, credit card, credit report statements, and other requested documents, and his failure to provide authorization to obtain credit card records despite multiple requests from Plaintiff and directives from the Court to do so.

## **BACKGROUND**

The motion paints a troubling picture of Mr. Gumbs' extensive and prolonged failure to honor his discovery obligations despite many hearings on discovery issues, numerous requests from Plaintiff's counsel, and repeated admonishments by the Court.

Following an unsuccessful mediation, the Court held a conference about discovery on July 8, 2021. Noting Mr. Gumbs' failure to produce documents requested in discovery before the mediation, the Court directed Mr. Gumbs to comply with Plaintiff's outstanding discovery requests within two weeks. *See* Hr'g Tr. 16:11-21, Jul. 8, 2021 [ECF No. 44]. A month later, the Court held another hearing on discovery. At the hearing, the Plaintiff's counsel once again noted Mr. Gumbs' continued failure to comply with his discovery obligation. *See* Hr'g Tr. 8:22-9:6, Aug. 12, 2021 [ECF No. 46]. The Court noted to Mr. Gumbs that complying with discovery requests is a requirement. *See id.* at 6:4-7. The Court warned it could sanction a party who does not comply with discovery obligations. *See id.* at 6:25-7:1. At the hearing, Mr. Gumbs objected to providing the requested credit card statements, bank statements, and credit reports. *See id.* at 8:24-9:1. The Court explained to Mr. Gumbs that the requested documents were central to the Plaintiff's argument about "the appropriateness . . . of [Mr. Gumbs'] bankruptcy filing [and his] spending . . . and patterns leading up to the bankruptcy filing." *See id.* at 13:9-24. After some

2

further discussion, the Court ordered Mr. Gumbs to sign and submit the bank account records, credit card records, and credit card authorization forms so that Plaintiff's counsel could obtain records directly from the relevant bank and credit card companies. *See id.* at 16:21-17:8, 23:16-19, 24:7-22.

Some two months later, the Court held yet another conference. At that time, Mr. Gumbs still had not complied with the Plaintiff's discovery requests. *See* Hr'g Tr. 4:2-8, Oct. 7, 2021 [ECF No. 52]. The Court warned Mr. Gumbs that the Plaintiff was considering filing a motion to hold Mr. Gumbs in default in the case and noted the Court's own concern and frustration with Mr. Gumbs. *See id.* at 4:8-17. The Court also noted that Mr. Gumbs' actions could be seen as a lack of good faith. *See id.* at 4:21-24. After explaining why the credit card authorization forms requested by Plaintiff were appropriate, the Court overruled Mr. Gumbs' objection and ordered him—once again—to sign the credit card authorization forms and provide all requested documents within two weeks. *See id.* at 12:25-13:3. After the two weeks had passed, Plaintiff's counsel filed a letter apprising the Court that Mr. Gumbs still had not complied with the discovery obligations discussed at the October 7th hearing. *See* Letter of Carlos Cuevas dated Oct. 25, 2021 [ECF No. 53]. The twenty-page letter and attachments set forth Mr. Gumbs' discovery failures in extensive detail. The Court memorandum endorsed the letter, noting that it set forth a "disturbing picture of . . . non-compliance." *See* Order dated Nov. 23, 2021 [ECF No. 54]. Given Mr. Gumbs' *pro se* status, however, the Court concluded that any relief against Mr. Gumbs for noncompliance must be requested by formal motion. *Id.* The Order was served on Mr. Gumbs. *See* Certificate of Service, dated Nov. 24, 2021 [ECF No. 55].

On December 9, 2021, Plaintiff filed this motion seeking a default judgment and sanctions for Mr. Gumbs' failure to comply with discovery. [ECF No. 56]. No response to the

3

motion was filed by Mr. Gumbs. At a hearing on the motion on January 13, 2022, new counsel appeared on behalf of Mr. Gumbs. *See* Hr'g Tr. 3:22-24, Jan. 13, 2022 [ECF No. 59]. At the hearing, new counsel confirmed that Mr. Gumbs had not complied with his discovery obligations. *See id.* at 5:22-25. Given the repeated non-compliance on discovery, the Court suggested that a prompt resolution of the underlying nondischargeability case might be the best option going forward for all parties. *See id.* at 10:16-18. The Court provided the attorneys with time to attempt to negotiate and scheduled another hearing for a week later. *See id.* at 12:9-18.

The parties were unable to reach an agreement. At a hearing on January 20, 2022 counsel for Mr. Gumbs acknowledged that he had no proof that Mr. Gumbs had complied with the outstanding discovery requests. *See* Hr'g Tr. 5:1-14, Jan. 20, 2022 [ECF No. 60]. Counsel requested more time to comply. *See id.* at 6:5-9. The Court disagreed that additional time was appropriate or that it would be fruitful given the extensive prior proceedings on discovery and the fact that current counsel is the third counsel retained by Mr. Gumbs over the four years of the case. *See id.* at 9:11-15, 9:17-20. After discussing other potential options for moving forward, the Court took the motion under advisement. The Court informed Debtor's counsel of the Court's intent to rule on the motion in the near future but noted that the time period before the Court's ruling would provide the Debtor with yet one more chance to comply. *See id.* at 16:8-12.

## DISCUSSION

There are different legal standards that govern the various relief requested in the motion.

### A. Striking Pleadings Pursuant to FRCP 37(b)(2)(A)(iii)

Rule 7037 of the Federal Rules of Bankruptcy Procedure incorporates Rule 37 of the Federal Rules of Civil Procedure which provides that a Court may "[strike] pleadings in whole or in part" as part of sanctions for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(iii).

4

In general, "[d]isciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir.1988)) (internal quotations omitted). While the Court has "wide discretion in imposing sanctions under Rule 37, there are two basic limitations . . . First, the sanctions must be just. Second, the sanctions must relate to the particular claim to which the discovery order was addressed." *Ali v. Dainese USA, Inc.*, 2021 WL 5999203, at *9 (S.D.N.Y. Dec. 17, 2021) (internal quotations and citations omitted).

Because striking a party's pleading is one of the harshest of discovery sanctions, "such relief is to be granted sparingly, and only in extreme circumstances." *Erie Materials, Inc. v. Barnholdt (In re Barnholdt)*, 74 B.R. 760, 764 (Bankr. N.D.N.Y. 1987) (citing *Israel Aircraft Industries Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977); *Flaks v. Koegel*, 504 F.2d at 702, 707 (2d Cir. 1974); *Negron v. Peninsular Navigation Corp.*, 279 F.2d 859, 860, (2d Cir.1960)). "Because of constitutional due process concerns, arising from a strong policy favoring trial on the merits, the sanction . . . should be utilized only where a party has evidenced bad faith, willfulness, or gross negligence with respect to a discovery request, or where there has been a total failure to answer." *Id.* (internal citations and quotations omitted). "Consequently, the Court should first consider less severe sanctions which may be appropriate under the circumstances." *Id.* (internal citations and quotations omitted).

5

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control. Willful non-compliance is routinely found where a party has repeatedly failed to produce documents in violation of the [trial] court's orders." *Ali*, 2021 WL 5999203, at *11 (internal quotations and citations omitted).

Despite the limitations listed above, "the decision to impose such sanctions is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990).

### B. Default Judgment Pursuant to FRCP 37(b)(2)(A)(vi)

Rule 37 of the Federal Rules also provides that the Court may "[render] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). A sanction as "severe" as entering a default judgment "may be appropriate in extreme situations, as when a court finds willfulness, bad faith, or any fault on part of the noncompliant party." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990)) (internal quotations omitted). But a court is "not required to exhaust possible lesser sanctions before imposing . . . default if such a sanction is appropriate on the overall record." *S. New England Tel. Co.*, 624 F.3d at 148.

Factors to be considered when entering a default judgment include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Id.* at 144 (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)) (internal quotations omitted).

6

C. **Monetary Sanctions and Attorney's Fees**

Local Bankruptcy Rule 9020-1 authorizes the Court to impose monetary sanctions when a party has failed to appear or prepare for a hearing.[1] Federal Rule 37(d) states, "[i]nstead of or in addition to [the other discovery sanctions], the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "When a court grants a motion to compel in part, a court may award attorneys' fees in addition to costs in its discretion." *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 653 (S.D.N.Y. 2019). "An award of expenses is mandatory unless the movant filed the motion before attempting in good faith to obtain the disclosure, the nondisclosure or objection was substantially justified, or other circumstances make an award of expenses unjust." *Id.* (citing Fed. R. Civ. P. 37(a)(5)(A)).

"Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147,

---

[1] Local Bankruptcy Rule 9020-1 states:
DEFAULT SANCTIONS; IMPOSITION OF COSTS

(a) *Default Sanctions*. Failure of a party or counsel for a party to appear before the Court at a conference, complete the necessary preparations, or be prepared to proceed at the time set for trial or hearing may be considered an abandonment of the adversary proceeding or contested matter or a failure to prosecute or defend diligently, and an appropriate order of the Court may be entered against the defaulting party with respect to either a specific issue or the entire adversary proceeding or contested matter.
(b) *Imposition of Costs*. If the Judge finds that the sanctions in subdivision (a) of this rule are either inadequate or unjust to the parties, the Judge may assess reasonable costs directly against the party or counsel whose action has obstructed the effective administration of the Court's business.

S.D.N.Y. Loc. Bankr. R. 9020-1.

7

159 (S.D.N.Y. 2012) (quoting *AIG Global Asset Management Holdings v. Branch*, 2005 WL 425494, at *l (S.D.N.Y. Feb. 18, 2005)) (internal quotation marks omitted).

### D. The Record After the Hearing On the Motion

Since the hearing on January 20, 2022, the Court has received three additional submissions from the parties. [*See* ECF Nos. 61-63]. These submissions chronicle additional discovery responses made by Mr. Gumbs after the hearing and discuss whether these responses satisfy his obligations. *Id*.

The first of these submissions is a letter from Plaintiff's counsel dated February 3, 2022, with extensive attachments, that details additional discovery responses of Mr. Gumbs provided after the hearing and assesses the adequacy of these responses. *See* Letter to the Hon. Sean H. Lane Filed by Carlos J. Cuevas on behalf of Honey Do Men Gutters, Inc. [ECF No. 61] (the "February 3rd Letter"). When the Letter is viewed against the entire record, the Court agrees with Plaintiff's assessment that Mr. Gumbs' additional responses discussed in the February 3rd Letter clearly do not cure Mr. Gumbs' deficiencies in discovery.[2]

---

[2] For example, the February 3rd Letter explains that Mr. Gumbs only provided information for three of his bank accounts despite having represented that he had eleven bank accounts during the hearing held on August 12, 2021. *See* February 3rd Letter at 2.; *see also* August 12, 2021 Hr'g Tr. 12:5-9. Mr. Gumbs' Chapter 7 petition also reflects the existence of many bank accounts for which Mr. Gumbs has not provided information. *See* Chapter 7 Voluntary Petition for Individuals at 19-29 [Case No. 17-23947, ECF No. 1] (the "Petition"). The February 3rd Letter also correctly notes that Mr. Gumbs' responses to Plaintiff's first and second set of interrogatories are "deficient because they are not signed under oath." *See* February 3rd Letter at 2. The exhibits attached to the February 3rd Letter also show that Mr. Gumbs did not get his responses to the interrogatories notarized. *See id.* at 22-29, attached as Exhibits D and E to the February 3rd Letter. It is also correct that Mr. Gumbs' responses to interrogatories 3, 4, 7, and 8 were non-responsive. *See id.* at 3-4. These interrogatories ask for information regarding Mr. Gumbs' casino and hotel visits and the dates Mr. Gumbs conferred with his attorney regarding his Chapter 7 case. *See id.* Mr. Gumbs' latest responses to each of these interrogatories was to represent that the requested information could be found on his Petition. *See id.* But that is flatly incorrect. The requested information cannot be found anywhere on the Petition. *See generally* Petition.

The February 3rd Letter also notes that Mr. Gumbs' latest responses to the Second Set of Interrogatories are "identical to his prior answers" to the same interrogatories that were served in 2021. *See* February 3rd Letter at 5. The exhibits attached to the February 3rd Letter show that this is indeed the case—that Mr. Gumbs filed the exact same response to the interrogatories on August 20, 2021 and on January 21, 2022 and simply affixed a new date on the later response. *See id.* at 26-33, attached as Exhibits E and F to the February 3rd Letter.

8

On February 10, 2022, Mr. Gumbs filed a letter with an update on his discovery responses.  *See* Letter of Ronald R. Tomlins, dated Feb. 10, 2022 [ECF No. 62].  Plaintiff's counsel responded the same day.  *See* Letter of Carlos J. Cuevas, dated Feb. 10, 2022 [ECF No. 63].  Given the summary nature of Mr. Tomlins' letter—which did not include the new responses or set forth what additional information was provided—it is impossible to find that Mr. Gumbs has complied with his discovery obligations.  Indeed, based on Mr. Cuevas' response, it appears that Mr. Gumbs' responses remain deficient.  *Id.* (stating that Mr. Gumbs latest responses are not executed under oath and do not provide full disclosure of his banking information).

E. **The Appropriate Relief Here**

Given Mr. Gumbs' record of noncompliance despite ample time, numerous warnings, the extensive due process afforded to him, and the entire record established at the numerous hearings and in numerous filings, the Court finds that Mr. Gumbs' discovery failures are willful, not the fault of any other party, and reflect his bad faith.  Applying the applicable legal principles to the record, the Court concludes that the record here supports all of the relief requested by the Plaintiff.  But consistent with the moderation reflected in the case law, the Court will look first to the least severe sanction of attorney's fees and costs.  It is clear that such fees and costs should be assessed against Mr. Gumbs.  Mr. Gumbs has squandered the many opportunities provided to him to comply with his discovery obligations.  Plaintiff's counsel has been reasonable and patient in his approach to Mr. Gumbs' recalcitrant behavior.  After exhausting all his other options, Plaintiff's counsel had no choice but to file this motion.  Furthermore, the Debtor has not contested the Plaintiff's requested fees and costs of $19,520.00, the 48.8 hours spent by Plaintiff's counsel at a rate of $400.00 an hour in connection with Mr. Gumbs' continued defiance of his discovery obligations, including preparing this motion.  *See* Decl. of Carlos J.

9

Cuevas, Esq. in Supp. of Mtn. to Strike the Answer of Def. Teba Gumbs; to Enter a Default J. Against Def. Teba Gumbs; and to Impose Sanctions Against Def. Teba Gumbs at 16-18 [ECF No. 56]. These fees and costs are more than reasonable under the circumstances of this case.[3]

For now, the Court will take under advisement the additional relief requested by Plaintiff of striking Mr. Gumbs' answer and granting default judgment against Mr. Gumbs. The Court will issue such a decision on Plaintiff's request for the additional relief at a future date. In the meantime, the Court urges Mr. Gumbs to fully comply with his discovery obligations and related Court orders, a course of action that is in his best interest.

---

[3] Even if Mr. Gumbs' latest discovery responses cured all the deficiencies—which does not appear to be the case—costs and fees would still be appropriate because the Plaintiff was forced to file the motion to achieve compliance. Rule 37(a)(5)(A) of the Federal Rules provides that the party that necessitated a motion to compel discovery or a motion for appropriate sanctions should "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). An award of such expenses is mandatory "unless one of the two exceptions—substantial justification or some other circumstance—applies." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008). The "burden [is placed] on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Id.* (quoting Advisory Committee Note to 1970 Amendments to Fed R. Civ. P. 37). Given the record discussed at length above, Mr. Gumbs has failed to meet his burden to establish an exception.

**CONCLUSION**

For all the reasons discussed above, the Court grants the motion in part to award the fees and costs requested by Plaintiff in the sum of $19,520.00.  The Court reserves decision on the additional relief requested by Plaintiff of striking Mr. Gumbs' answer and entering a default judgment against Mr. Gumbs.  The Court will refrain from issuing its ruling on the remaining requested relief for a period of 14 days after the entry of this Decision on the docket.

**IT IS SO ORDERED.**

Date:   New York, New York
        February 15, 2022

                                                            */s/ Sean H. Lane*
                                                            UNITED STATES BANKRUPTCY JUDGE